·CHARLES CROOKE, Appellant, v. AUSTIN CORBIN and JOHN CURTIN, Respondents.

*Examination of a party before trial—facts showing the testimony to be material and necessary must be alleged— Code of Civil Procedure,* § 872—*General Rule No.* 83.

To authorize the granting of an order for the examination of a party before trial, the affidavit must specify the facts and circumstances showing the testimony of the party to be material and necessary. It is not sufficient to allege that the testimony is material and necessary for the party making the application, and the prosecution of the action, and that the applicant cannot safely proceed to trial without examining him. (BARNARD, P. J., dissenting.)

"What statement of facts is insufficient.

APPEAL from an order, made at Special Term, dismissing an order granted for the examination of the defendant, upon the ground that the affidavit used to obtain the same did not contain a sufficient statement of facts.

The affidavit, after stating the names of the parties and other formal matters, proceeds : "The complaint herein alleged defendants were residents of Kings county; that at Gravesend, July 8, 1880, they maliciously, with intent to injure plaintiff, by force, took plaintiff from his lawful business and occupation, compelled him to go with them, dragging him through the Manhattan Beach Hotel, through the midst of large assemblages of people, to a place ·of detention used for the safe-keeping of prisoners, called a station-house, in cellar or basement of said hotel ; imprisoned and detained, restrained him of his liberty without right or authority, against plaintiff's will and remonstrance, for a long time, preventing him from attending to his business, plaintiff having violence used towards him. Defendant Corbin ordered, directed, procured defendant Curtin to arrest plaintiff. He was arrested, deprived of his liberty by defendant Corbin's procurement, by which acts plaintiff was prevented from attending to his business. No charge was made against plaintiff by defendants before any magistrate, and suffering by defendants' acts $990 damages, for which he demanded judgment, besides costs. Defendants, in their answer, upon in-

formation and belief, further allege at the times mentioned in complaint, plaintiff was a breaker of the peace within defendant's, Curtin's, view, who was an officer of the law, duly authorized to make arrests, demanding dismissal complaint and costs. That the defendants' testimony is material and necessary for the party making this application and the prosecution of this action. The plaintiff cannot safely proceed to trial without examining defendants. The allegations of defendants' answer are not true, and deponent verily believes each defendant knew such to be the fact."

*Frank Crooke*, for the appellant.

*Alfred C. Chapin*, for the respondents.

DYKMAN, J. :

The deposition of a party to an action pending in a court of record, may be taken at his own instance, or at the instance of adverse party, or of a co-plaintiff or co-defendant at any time before the trial. As the foundation for the order, there must be presented to the judge who makes it an affidavit, setting forth, among other things in a case like the present, the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making the application. (Code Civ. Pro., § 872, subd. 4.) By rule 89 (83 of 1880) of the Supreme Court, where an examination is required as in this case, the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary.

The affidavit upon which the order for examination in this case was made, does not reach the standard thus set up. The only allegation of the affidavit respecting the materiality and necessity of the testimony of the parties whose examination is sought, is "that the defendant's testimony is material, and necessary for the party making this application and the prosecution of this action. The plaintiff cannot safely proceed to trial, without examining the defendants."

No fact or circumstance to show the examination material and necessary is specified, and the affidavit is insufficient in that

respect. The purpose of the rule of court is to require the statement of fact showing the materiality of testimony sought, and that it is required for use, as evidence on the trial. Information desired for the preparation for trial, cannot in this way be obtained.

The order appealed from should be affirmed, with costs and disbursements.

GILBERT, J., concurred.

BARNARD, P. J., dissenting:

The affidavit of the plaintiff sufficiently shows facts and circumstances to entitle him to the order to examine defendant before trial. It states the complaint to be for assault and battery and false imprisonment. That Curtis made the arrest, and Corbin directed it. That plaintiff was a resident of Kings county. The affidavit further states that the answer denies every allegation in the complaint, and avers an affirmative defense in this; that plaintiff was at the time of the arrest a breaker of the peace. The affidavit further avers that the allegations in the answer are not true, and that the defendant's testimony is material and necessary for the prosecution of the action. It will be seen that both defendants are material witnesses to be examined. Corbin knows if he ordered the arrest; Curtis knew if he made it by direction of Corbin, and if plaintiff was engaged in a breach of peace at the time. No particular form of words is necessary. It is only important that a judicial officer can see from the affidavit that facts are stated sufficiently to show materiality, and not merely a bare statement of the materiality of the witness.

The order should be reversed, with costs and disbursements.

Order affirmed, with costs and disbursements.